UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JONATHAN CLEMMONS, ET AL				CIVIL ACTION NO. 22-cv-569

VERSUS						JUDGE TERRY A. DOUGHTY

BANDWAGON, LLC					MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Bandwagon, LLC is a small public relations/marketing firm headquartered in New Orleans. The LLC originally had four members. Stephen Barry and Daphne Barry are husband and wife attorneys who provided most of the capital for the company. Jonathan Clemmons and Cory Cart performed the day-to-day work for the company. Clemmons and Cart ("Plaintiffs") originally lived and worked for the LLC in New Orleans, but after a hurricane damaged their home in 2021 they moved to an RV in Bossier Parish. Several months after their move, Plaintiffs notified the Barrys that they resigned as Bandwagon employees and withdrew as members of the LLC.

Mr. Barry wrote to Plaintiffs' counsel and demanded, among other things, that Plaintiffs return all Bandwagon property. Plaintiffs returned some laptop computers, but Mr. Barry alleged that the computers had been "wiped clean of all data" and demanded a complete backup copy. The letter referred to a potential civil action against Plaintiffs, alleged spoliation, and stated that Bandwagon would likely seek certain information in discovery. The letter did not identify any particular cause of action that such a civil action might rely on.

Plaintiffs responded to Bandwagon's general threat of litigation by filing a complaint for declaratory judgment in this court. There is no diversity of citizenship between the parties, and the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. Plaintiffs assert that the court has federal question jurisdiction because they seek a declaration regarding the viability of a potential claim against them under the federal Computer Fraud and Abuse Act ("CFAA"). Plaintiffs assert that the court has supplemental jurisdiction to also address the merit of potential state law claims that Bandwagon might assert against them.

Bandwagon responded with a motion to dismiss that challenged subject matter jurisdiction and venue and, in the alternative, requested a change of venue to the federal court in New Orleans. In the course of briefing the motion, Bandwagon—represented by Mr. Barry—asserted repeatedly that his communications to Plaintiffs had nothing to do with a CFAA claim. At page seven of Bandwagon's reply memorandum (Doc. 18), Mr. Barry stated that "should the Court place more credence in a stipulation by the Defendant (that it) will rely exclusively on state law remedies to address the misconduct of plaintiffs then it so stipulates herein." Mr. Barry added that he is "both an officer of the Court and the managing member of Bandwagon" so that the "signing of this pleading and others binds Bandwagon." The court exercises its discretion to treat this statement as a binding judicial admission that Bandwagon will not assert a CFAA claim against Plaintiffs. <u>Oilfield Servs., LLC v. J-W Operating Co.</u>, 2012 WL 5996986 (W.D. La. Oct. 15, 2012), <u>report and recommendation adopted,</u> 2012 WL 5997200 (W.D. 2012) (dismissing

declaratory judgment action for lack of case or controversy following similar stipulation in a brief).

A case cited by Plaintiffs, Household Bank v. JFS Group, 320 F.3d 1249 (11th Cir. 2003), in turn cited Kidder, Peabody & Co. v. Maxus Energy Corp., 925 F.2d 556 (2d Cir. 1991), which stated that a similar dispute was not mooted by a mere "commitment" from the declaratory defendants to never assert their federal claim against the plaintiff. But the Second and Eleventh Circuits both stated that a binding, judicially-enforceable agreement, such as a settlement agreement or a release of all federal claims in the matter, would settle the matter between the parties once and for all and dispel all uncertainty regarding the liability of the plaintiffs for the federal claims. Household Bank, 320 F.3d at 1259-60; Kidder, Peabody, 925 F.2d at 563. The court deems Bandwagon's judicial admission to be binding, but out of an abundance of caution directs the parties to commemorate the stipulation made by Bandwagon in its reply memorandum in a formal settlement agreement or other suitable release of any potential CFAA claims.

With the CFAA claim about which Plaintiffs express concern rendered moot, that eliminates any potential basis for original jurisdiction. "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Because the only potential federal claim has been resolved at the very earliest stage of this litigation—the case has been pending less than five months and had no activity other than the filing of an answer and the motion to dismiss—the court must dismiss without prejudice the state law

claims that depend on supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); <u>Parker & Parsley Petroleum Co. v. Dresser Indus.</u>, 972 F.2d 580, 587 (5th Cir. 1992) (finding district court abused its discretion where state law claims were retained after nine months of litigation and a few weeks remained before trial but parties were "not ready for trial").

The parties are directed to negotiate in good faith a judicially enforceable agreement, either a settlement agreement or other form of release of any CFAA claims, that reflects the stipulation made by Bandwagon in its reply memorandum. Plaintiffs are the ones seeking protection from a potential CFAA claim, so counsel for Plaintiffs is directed to promptly provide the first draft. The parties will be allowed until **July 28, 2022** to complete their agreement and file a joint motion to dismiss this civil action, with the proposed order or judgment reflecting that Plaintiffs' requests for declarations regarding state law claims are dismissed without prejudice.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of July, 2022.

Mark L. Hornsby
U.S. Magistrate Judge